UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re GREGORY J. FISCHER                    SUMMARY ORDER OF REMAND
----------------------------------------X   19-CV-3793(JS)(ARL)
APPEARANCES
For the Government:       No Appearances

For Defendant:            Gregory J. Fischer, pro se
                          P.O. Box 285
                          Calverton, New York 11933-0285

SEYBERT, District Judge:

On June 28, 2019, pro se defendant Gregory J. Fischer ("Fischer" or "Defendant") filed a Notice of Removal in this Court together with the $400 filing fee seeking to remove the adjudication of a traffic ticket pending under Case No. 190403637 (Ticket No. P1689FKOTT) to this Court.[1] (See Notice of Removal, D.E. 1, at 64.) For the reasons that follow, this matter is summarily remanded to the Suffolk County Traffic and Parking Violations Agency ("SCTPVA"), H. Lee Dennison Building, 100 Veterans Memorial Highway, Hauppauge, New York 11788. The Clerk of the Court is directed to: (1) mail a copy of this Order to all parties and to the Clerk of the SCTPVA, pursuant to 42 U.S.C. § 455(b)(4), and (2) close this case.

---

[1] Fischer also seeks to remove an earlier adjudication wherein he claims the SCTPVA dismissed a traffic ticket against him under Case # 190403637. (See Notice of Removal at 8, ¶ 16.) Given that there is no longer an open case pending under Case # 190403637, removal is not available.

DISCUSSION

I. <u>The Removal Statute</u>

The removal of a state criminal case to federal court is governed by 28 U.S.C. §§ 1442 ("Section 1442"), 1442a ("Section 1442a")[2] and 1443 ("Section 1443") and is appropriate in narrow circumstances. Under Section 1443, a state criminal prosecution can be removed to federal court if it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Pursuant to 28 U.S.C. § 1455(b)(4), ". . . the United States district court in which [ ] [a notice of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. §§ 1455(b)(4).

---

[2] Section 1442 applies only where federal officers or agencies are prosecuted and Section 1442a applies only where members of the armed forces are prosecuted. Thus, neither of these statutes have any application here.

"[S]tatutory procedures for removal are to be strictly construed, . . . because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." Frontier Park Co., LLC v. Contreras, 35 F. Supp. 3d 264, 267 (E.D.N.Y. 2014) (internal quotation marks and citations omitted); accord In re Facebook, Inc., IPO Sec. & Derivative Litig., 922 F. Supp. 2d 475, 480 (S.D.N.Y. 2013). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (internal quotation marks and citation omitted). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, given the narrow circumstances under which removal is appropriate under Section 1443, remand is clearly warranted. Fischer fails to allege that the state criminal case violates his civil rights in terms of racial equality nor does he claim that a federal civil rights law directed toward racial equality protects his right to engage in the conduct with which he was charged.[3]

---

[3] Fischer was charged with a traffic infraction, namely the unlawful operation of a motor vehicle while using a portable electronic device, in violation of New York Vehicle and Traffic

3

Moreover, Fischer wholly fails to allege that he would be precluded from enforcing his rights in state court.[4]  Accordingly, this action is REMANDED to the State Court pursuant to 42 U.S.C. § 1455(4) ("The United States District Court . . . shall examine the notice [of removal] promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").   Accordingly, the Clerk of the Court shall: (1) MAIL a certified copy of this Order to the clerk of the SCTPVA pursuant to 42 U.S.C. § 1455(4) and (2) MAIL a copy of this Summary Order of Remand to Defendant.[5]

---

Law § 122D.  (See Notice of Removal at 52.)

[4] To the extent that Fischer premised removal on the presence of defenses or counterclaims based on federal law, that is not a basis for removal to federal court. See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831, 122 S. Ct 1889, 1894, 153 L. Ed. 2d 13 (2002) ("[F]ederal jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal quotation marks and citation omitted) (emphasis in original).  If Fischer has a federal civil claim against the SCTPVA (or any of the individuals included in his papers), as he appears to indicate in his Notice of Removal, he must file that claim as a civil action, independent of the criminal prosecution.

[5] Given that the instant Notice of Removal was filed by Defendant on June 28, 2019, it is apparent that he sought to obstruct the trial scheduled for July 1, 2019.  (See Notice of Removal at 22 ¶ 63, and at p. 64.)   This Court does not condone, nor will it permit, Fischer to cause further delay of his trial at the

4

## CONCLUSION

For the reasons set forth above, this action is REMANDED to the SCTPVA pursuant to 42 U.S.C. § 1455(4). The Clerk of the Court shall: (1) MAIL a certified copy of this Summary Order of Remand to the clerk of the SCTPVA pursuant to 42 U.S.C. § 1455(4) and (2) MAIL a copy of this Summary Order of Remand to Defendant.

Although Fischer paid the Court's filing fee, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July  18 , 2019
         Central Islip, New York

---

SCTPVA. Fischer is warned that further, frivolous attempts to obstruct the state court proceeding will not be tolerated. Should he continue this course of conduct, the Court will impose sanctions, which may include a litigation injunction upon notice and an opportunity to be heard.